RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE _____
BY _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| EMMETT CLARK | CIVIL ACTION NO. 10-0310 |
| VERSUS | JUDGE ROBERT G. JAMES |
| HAPPY DAYS, LLC, ET AL. | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is Plaintiff Emmett Clark's ("Clark") Motion to Dismiss Without Prejudice Under Fed. R. Civ. P. 41(a)(2) ("Motion to Dismiss Without Prejudice"). [Doc. No. 25]. Defendant Happy Days, LLC ("Happy Days") opposes Clark's motion and filed a Response on December 10, 2010.[1] [Doc. No. 26]. Clark filed a Reply on December 14, 2010. [Doc. No. 27].

For the following reasons, Clark's Motion to Dismiss Without Prejudice is GRANTED.

Under Federal Rule of Civil Procedure 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph . . . is without prejudice."

The Fifth Circuit has "explained that, as a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002) (citing *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990)).

---

[1] The Court previously granted a Joint Motion to Dismiss Defendants LaSalle Management Company, LLC and Crystal Bowman without prejudice. [Doc. No. 23]. Here, Clark seeks to dismiss without prejudice his claims against the remaining Defendants: Happy Days and unknown Defendants John Doe 1-50. [*See* Doc. No. 1, pp. 2-3, ¶¶ 7-10].

"Therefore, faced with a Rule 41(a)(2) motion the district court should first ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice. If not, it should generally, absent some evidence of abuse by the movant, grant the motion." *Id.* "That plaintiff may obtain some tactical advantage over the defendant is not ordinarily a bar to dismissal." *Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176, 178 (5th Cir. 1990) (citing *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976)).

Happy Days contends that this Court should deny Clark's motion to dismiss without prejudice because Clark (1) has caused Happy Days to incur significant costs and attorney's fees in preparing this case; (2) seeks to dismiss because he has failed to engage in discovery or comply with the scheduling order; and (3) has offered no explanation why a dismissal without prejudice is warranted. Happy Days implicitly argues that it would be harmed by a dismissal without prejudice, as Clark might have the opportunity, in a subsequent lawsuit, to engage in further discovery and increase his likelihood of prevailing in the action.

Although allowing Clark an opportunity for further discovery could be prejudicial to Happy Days, it is not the type of plain *legal* prejudice typically identified by the Fifth Circuit as grounds for denying a plaintiff's voluntary motion to dismiss without prejudice. The relevant case law involves circumstances where a defendant would lose an available defense, where an adverse ruling has issued against the movant, or where the litigation has otherwise reached an advanced stage. *See, e.g., id.* at 180 (dismissal without prejudice stripped defendant of *forum non conveniens* defense); *Elbaor*, 279 F.3d at 319 (possible loss of statute of limitations defense); *Hillary v. Trans World Airlines, Inc.*, No. 92-3001, 1994 WL 24898, at *2 (5th Cir. Jan. 13, 1994) ("the defendant would be stripped of an absolute defense to the suit"); *Davis v. Huskipower Outdoor Equipment Corp.*, 936 F.2d 193, 199

(5th Cir. 1991) (noting that plaintiffs "filed their motion after the magistrate had considered the case and issued a comprehensive recommendation that was adverse to their position"); *U.S. ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330 (5th Cir. 2003) (after months of different motions and responses, discovery conferences, and after the United States declined to intervene in a suit brought on its behalf, the district court did not abuse its discretion in denying the motion).

In the present case, Clark may gain a tactical advantage if he files a second lawsuit and conducts more discovery. Even assuming he gains such an advantage, it is not enough to warrant a denial of Clark's motion. *See Ikospentakis*, 915 F.2d at 178. Further, this case is not at an advanced stage where the record is replete with time and effort expended by the parties. There have been no dispositive motions filed, no adverse rulings have issued against Clark, and the record does not evidence extensive discovery. While the Court does not condone a party's failure to comply with the scheduling order and the Federal Rules of Civil Procedure, the Court finds no plain legal prejudice to Happy Days or abuse by Clark.

Happy Days, in the alternative, requests that the Court impose the following conditions on Clark's dismissal: (1) reasonable payment of attorney's fees of $1,500; (2) that any subsequent suit by Clark against Happy Days, with similar facts and causes of action, be filed in this Court; and (3) that any subsequent suit "proceed under a scheduling order that commences at the exact same point as the extant scheduling order." [Doc. No. 26, p. 4].

Conditions may be imposed as an alternative to denying a plaintiff's motion when a court finds plain legal prejudice. *See Elbaor*, 279 F.3d at 317-18 ("If the district court concludes that granting the motion unconditionally will cause plain legal prejudice, it has two options, it can deny the motion outright or it can craft conditions that will cure the prejudice."). Conditions may also be

imposed pursuant to the Court's discretionary power under Rule 41(a)(2). *See* FED. R. CIV. P. 41(a)(2); *Mortgage Guar. Ins. Corp. v. Richard Carlyon Co.*, 904 F.2d 298, 300 (5th Cir. 1990); *John M. Crawley, L.L.C. v. Trans-Net, Inc.*, No. 09-20882, 2010 WL 3448525, at *2 (5th Cir. Aug. 31, 2010) (affirming a district court's discretionary refusal to award fees and costs where "no dispositive motions had been filed, and depositions had not begun").

In this case, Happy Days has characterized Clark's discovery efforts as "incomplete," which suggests that it has not dealt with extensive discovery requests from Clark. [Doc. No. 26, p. 3]. Happy Days also points out that it has incurred attorney's fees and conducted "considerable analysis of payroll records" in preparing for trial. *Id.* at pp. 2-3. However, Happy Days' argument supports the Court's conclusion that this case is not at an advanced stage where dismissal with an award of fees and costs or other conditions would be appropriate. The Court denies Happy Days' requests and declines to impose conditions on Clark's dismissal.

Therefore, Clark's Motion to Dismiss Without Prejudice is GRANTED, and Happy Days and unknown Defendants John Doe 1-50 are DISMISSED WITHOUT PREJUDICE.

MONROE, LOUISIANA, this 6 day of January, 2011.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE